1114

## Jesse FEATHERSTONE v. STATE.
### No. 15945.

Court of Criminal Appeals of Texas.
April 12, 1933.

B. R. Reeves, of Palestine, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for driving an automobile on a public street while intoxicated; punishment, a fine of $100.

The record is here without statement of facts or bills of exception. The judgment and sentence appear regular.

The judgment will be affirmed.

## Miguel C. GARCIA v. STATE.
### No. 15769.

Court of Criminal Appeals of Texas.
April 12, 1933.

C. C. Bryant and Fred J. Newland, both of Harlingen, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for murder; punishment, twenty years in the penitentiary.

The facts amply support the verdict of the jury. Deceased was engaged in tearing down a house upon which appellant made some claim, when appellant and another rode up to the place and at once shot and killed deceased. The defensive theory was that of a killing in self-defense, which was supported by appellant and some of his witnesses. The matter seems to have been submitted to the jury in a charge to which no exceptions were taken. We see no need for setting out the evidence at length.

We find in the transcript six bills of exception, none of which seem to present reversible error. Bill No. 1 presents the objection of appellant to a question, which objection was overruled, and the answer of the witness, if any, is not set out in the bill. The same thing is true of bills of exception 2 and 3. Bill No. 4 complains that the state's attorney forced a defense witness to hand over a slip of paper, to which action objection was made, but

the bill wholly fails to show what became of the paper, or what its contents were, or that same was used in any manner by the state's attorney. Bill No. 5 complains of the admission of the testimony of a juvenile witness claimed to be too young and not possessed of sufficient intelligence. The bill is qualified by the court in a manner which shows that there is nothing in the objection. The remaining bill complains that a state witness was allowed to testify where the body of deceased was found. There are some grounds of exception stated in the bill, but no certificate of the truth thereof, and no such facts stated as would enable us to know how the matter could be injurious.

Finding no error in the record, the judgment will be affirmed.

## C. D. GREENE v. STATE.
### No. 16044.

Court of Criminal Appeals of Texas.
May 3, 1933.

Harry Mason, Storey & Storey, and J. S. Cook, all of Vernon, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Misapplication of public funds is the offense; penalty assessed at confinement in the penitentiary for three years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.